**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **COREY DEWAYNE WOODARD,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:10-CV-077-Y |
| § | | |
| **DEE ANDERSON, Sheriff,** § | | |
| **Tarrant County, Texas, and** § | | |
| **GREG ABBOTT, Attorney General,** § | | |
| **the State of Texas,** § | | |
| Respondents. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner Corey Dewayne Woodard, CID # 0653464, is confined in the Tarrant County jail pending unrelated criminal charges in state court for aggravated robbery.

Respondent Dee Anderson is the Sheriff of Tarrant County, Texas, and Respondent Greg Abbott is Attorney General for the State of Texas.

## C. FACTUAL AND PROCEDURAL HISTORY

In the instant petition, Woodard challenges his 2008 state court conviction for possession of a controlled substance of one gram or more, but less than four grams. (Resp't Anderson's Appendix at 39) On March 10, 2008, pursuant to a plea agreement, Woodard pled guilty to the offense in exchange for the state's recommendation of two years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. (*Id.*) Pursuant to the plea agreement, the state trial court sentenced him to two years' confinement in state prison. (*Id.*) Woodard did not appeal or seek state postconviction habeas relief challenging his conviction or sentence. His two-year sentence was fully discharged on March 3, 2009. (Resp't Abbott's Mtn to Dismiss, Exhibit A) This federal petition was filed on February 1, 2010.[1]

## D. SUBJECT MATTER JURISDICTION

Counsel for Respondent Abbott has moved to dismiss Abbott as a party and, among other things, contends this court lacks jurisdiction to consider Woodard's petition because Woodard is no longer serving his sentence for the underlying criminal conviction. Generally, for this court to have subject matter jurisdiction over a claim under § 2254, the petitioner must be "in custody" pursuant to the underlying conviction the subject of the proceeding. *See* 28 U.S.C. § 2254(a); *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 394 (2001); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Woodard's sentence for the underlying conviction fully expired on March 3, 2009, before the instant petition was filed. Woodard's current incarceration stems from the pending robbery charges and not the 2008 drug possession conviction; therefore, this court is without subject matter jurisdiction to

---

[1] *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when petition delivered to prison authorities for mailing).

2

entertain his federal habeas claims under § 2254 with respect to the drug possession conviction.

## II.  RECOMMENDATION

Woodard's petition for writ of habeas corpus should be dismissed with prejudice for want of jurisdiction.[2]

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 14, 2010.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] Because the court recommends dismissal of the petition for want of jurisdiction, it makes no recommendation regarding pending motions not previously ruled upon.

## IV.  ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 14, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 24, 2010.

　　　　　　　　　　　　　　　　　　　　　　　　 /s/   Charles Bleil
　　　　　　　　　　　　　　　　　　　　　　　CHARLES BLEIL
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE